IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK DIXON,

                   Petitioner,                    No. CIV S-10-0631 EFB P

        vs.

JAMES YATES,

                   Respondent.         <u>ORDER AND</u>
                                                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner with counsel seeking a writ of habeas corpus.  *See* 28 U.S.C. § 2254.  He proceeds on the March 17, 2010 petition.  Respondent moves to dismiss on the ground that the petition is untimely.  Petitioner opposes, asserting that he is entitled to equitable tolling of the statute of limitations because 1) he was diligent in pursuing his state habeas remedies and 2) he is actually innocent.

        The court held a hearing on respondent's motion to dismiss on September 1, 2010, and the motion was submitted.  For the reasons explained below, the court now finds that the motion to dismiss must be granted.

**I.     Procedural History**

        Petitioner was convicted of second degree murder and a sentencing enhancement was found true. On October 19, 2001, petitioner was sentenced to an indeterminate state prison term

1

of eighteen years to life.  Lodg. Doc. 1.

On May 15, 2003, the California Court of Appeal, Third Appellate District, affirmed the judgment.  Lodg. Doc. 2.  On August 13, 2003, the California Supreme Court denied review.  Lodg. Docs. 3-4.

Petitioner filed three state habeas petitions.  The first was filed on November 13, 2006, in Sacramento Superior Court, and was denied on December 18, 2006.  Lodg. Docs. 5-6.  The second was filed on October 9, 2007, in the California Court of Appeal, Third Appellate District, and was denied on February 21, 2008.  Lodg. Docs. 7-8.  The third petition was filed on April 30, 2008 and was denied on March 18, 2009.  Lodg. Docs. 9-10.

The instant petition was filed on March 17, 2010.  Dckt. No. 1.

## II.    Statute of Limitations

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not

2

1    provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

2         The limitations period may also be equitably tolled where a habeas petitioner establishes

3    two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

4    circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In light of

5    *Pace*, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is

6    very high, and clarified that equitable tolling only applies where a petitioner shows that despite

7    diligently pursuing his rights, some external force *caused* the untimeliness.  *Waldron-Ramsey v.*

8    *Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

9         Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

10   *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065

11   (9th Cir. 2002).

12   **III.    Analysis**

13        In this case, the statute of limitations began to run when petitioner's conviction became

14   final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied

15   review on August 13, 2003.  Lodg. Doc. 4.  The conviction became "final" within the meaning

16   of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety

17   days later, on November 11, 2003.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59

18   (9th Cir. 1999).  The one-year limitations period commenced running the following day.

19   *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until November

20   11, 2004, to file his federal habeas petition.  However, he did not file the instant petition until

21   March 17, 2010.  Absent tolling, his application in this court is more than five years late.

22        Petitioner is not entitled to statutory tolling because he did not file his first state habeas

23   petition until November 13, 2006, two years after the limitations period had expired.

24   Accordingly, he is not entitled to statutory tolling for the time that his state court petitions were

25   pending.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore his federal petition is

26   untimely unless he is entitled to equitable tolling.

1    Petitioner argues that he is entitled to equitable tolling for two reasons:  he was diligent

2    in pursuing his state remedies, and he is actually innocent.  As noted above, equitable tolling is

3    established where two elements are met: 1) the petitioner been pursuing his rights diligently, and

4    2) some extraordinary circumstance stood in his way, making it impossible for him to file his

5    petition in a timely fashion.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

6    Petitioner's brief focuses on his diligence, but does not explicitly discuss the

7    "extraordinary circumstances" requirement.  He claims that his appellate counsel failed to

8    investigate grounds for habeas relief, and that after his state appeals were denied, his new

9    attorney discovered grounds for relief and attempted to negotiate with the district attorney.

10   These facts fall short of "extraordinary circumstances."  Attorney negligence is generally

11   not grounds for equitable tolling unless it is truly egregious.  *See Majoy v. Roe*, 296 F.3d 770,

12   776 n.3 (9th Cir. 2002) (holding petitioner not entitled to equitable tolling; noting petitioner's

13   "attempt to place blame on his previous attorney and to assign his reliance on that attorney

14   having made timely filing 'impossible' falls short of the circumstances required to engage this

15   exception"); *see also Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002) (finding

16   attorney's negligence in calculating filing deadline does not meet standard for equitable tolling).

17   *Cf. Holland v. Florida*, 130 S.Ct. 2549, 2564 (2010) (equitable tolling granted where petitioner

18   had repeatedly asked his attorney to file his federal habeas petition in a timely manner, wrote

19   several letters to the state bar claiming that his attorney had abandoned him, and the attorney had

20   grossly miscalculated the limitations period); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003)

21   (remanding for determination of equitable tolling where attorney was retained a year before the

22   deadline and failed to prepare a habeas petition, despite the numerous requests of the petitioner

23   and his mother, and failed to return petitioner's file).  Petitioner has not made a showing of the

24   sort of  extraordinary attorney negligence that would justify equitable tolling .  Thus, petitioner

25   ////

26   ////

1   is not entitled to equitable tolling on this basis.[1]

2      Petitioner also argues that he is entitled to equitable tolling because he is actually

3   innocent.  This argument is foreclosed by the Ninth Circuit's recent holding in *Lee v. Lampert*,

4   610 F.3d 1125, 1129, 1133 (9th Cir. 2010) ("The 'one-year limitations period established by

5   § 2244(d) contains no explicit exemption for petitions claiming actual innocence' and we decline

6   to add one"; "we conclude that there is no *Schlup* actual innocence exception to override

7   AEDPA's statute of limitations").  At oral argument, petitioner conceded that *Lee* applies to this

8   case, but stated that he wished to preserve his actual innocence argument for any further

9   appellate review.  As this court is bound by the Ninth Circuit's holding, it may not grant

10  equitable tolling on this basis.

11  **IV.   Conclusion**

12     The court finds that the instant petition was filed outside of the one-year statute of

13  limitations and that petitioner is not entitled to statutory or equitable tolling.  The instant petition

14  is therefore untimely, and respondent's motion to dismiss must be granted.

15     Accordingly, it is hereby ORDERED that a district judge be randomly assigned to this

16  case.

17     Further, it is hereby RECOMMENDED that:

18     1.      Respondent's motion to dismiss be granted; and

19     2.      The Clerk be directed to close the case.

20     These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24

25     [1] At the hearing, counsel for petitioner stated that he was not making an attorney
   negligence argument as in the *Holland* case, but rather was making an "attorney diligence"
   argument.  However, counsel could not explain how, under existing case law, attorney diligence
26  constituted an "extraordinary circumstance" warranting equitable tolling.

1   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

4   his objections petitioner may address whether a certificate of appealability should issue in the

5   event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

6   Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

7   enters a final order adverse to the applicant).

8   Dated:  February 7, 2011.

9

10                              EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26