UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DIXON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES YATES,<br><br>　　　　Respondent. | No. 2:10-cv-0631 JAM AC P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding with counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction for second-degree murder, on grounds of ineffective assistance of trial counsel. ECF No. 1. This court has previously held that petitioner's failure to file his petition within the applicable limitations period, see 28 US.C. § 2244(d), was excusable on the basis of actual innocence. ECF Nos. 35, 42. Respondent has since filed an answer to the petition (ECF No. 46), and petitioner has filed a reply (ECF No. 52). For the reasons explained below, an evidentiary hearing is necessary.

## BACKGROUND

### I. Overview

The criminal case against petitioner arose from the fatal shooting of his best friend, Barry O'Connell, in 2000. It is undisputed that petitioner did not intend to kill O'Connell, and that petitioner's shotgun had discharged unintentionally. The question at trial, on which second

1

degree murder liability turned, was whether petitioner had acted with implied malice – that is, whether his handling of the shotgun was dangerous to human life, and whether he acted with subjective knowledge of and conscious disregard for that danger.  See People v. Dellinger, 49 Cal. 3d 1212 (1989).  The defense contended that the shooting had been nothing more than a tragic accident.  The defense argued that the gun discharged accidentally when petitioner stumbled, and that petitioner had not appreciated the danger that the loaded gun presented due to the effects of prescription painkillers.  Counsel presented no medical evidence to support this theory about painkillers, and presented no forensic firearms evidence to support the theory that the gun could have discharged without petitioner having deliberately released the safety lever.  Those omissions form the basis of petitioner's ineffective assistance of counsel claim.

Evidence to support the defense theories regarding the gun and regarding petitioner's mental state was developed for the first time after petitioner was convicted.  That evidence has been presented here both in support of relief on the merits and in opposition to respondent's motion to dismiss, to establish petitioner's factual innocence of implied-malice murder and thereby escape the harsh consequences of AEDPA's statute of limitations.  In the latter context, the court found that no reasonable juror aware of this evidence would have found petitioner guilty beyond a reasonable doubt.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013) (establishing standard for actual innocence as exception to statute of limitations); Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (en banc) (same).

II.     Proceedings in the Trial Court

The trial evidence has previously been summarized at ECF No. 35 (Findings and Recommendations), pp. 5-10.  That summary is incorporated here by reference.

On July 19, 2001, the jury found petitioner guilty of second degree murder.  CT 246.  On October 19, 2001, petitioner was sentenced to a term of 17 years to life imprisonment.  CT 305.

III.    Post-conviction Proceedings

The Third District Court of Appeal affirmed the judgment on May 15, 2003.  Lodged Doc. 2. The California Supreme Court denied review on August 13, 2003.  Lodged Docs. 3-4.

The first of petitioner's three state habeas petitions was filed in Sacramento County

Superior Court on November 13, 2006 and denied on December 18, 2006. The second state habeas petition was filed in the California Court of Appeal, Third Appellate District, and denied on February 21, 2008. The third petition filed in the California Supreme Court on April 30, 2008 was denied on March 18, 2009. Lodged Docs. 5-10.

The instant federal habeas petition was filed on March 17, 2010. ECF No. 1.

STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 131 S. Ct. 770, 785 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 784-785 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis)). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Clearly established federal law also includes "the legal principles and standards flowing from precedent." Bradley v. Duncan, 315 F.3d 1091, 1101 (9th Cir. 2002) (quoting Taylor v. Withrow, 288 F.3d 846, 852 (6th Cir. 2002)). Only Supreme Court precedent

may constitute "clearly established Federal law," but circuit law has persuasive value regarding what law is "clearly established" and what constitutes "unreasonable application" of that law. Duchaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000); Robinson v. Ignacio, 360 F.3d 1044, 1057 (9th Cir. 2004).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 1399. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 131 S. Ct. at 786.

To prevail in federal habeas proceedings, a petitioner must establish the applicability of one of the § 2254(d) exceptions and also must also affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Frantz v. Hazey, 533 F.3d 724 (9th Cir. 2008) (en banc). There is no single prescribed order in which these two inquiries must be conducted. Id. at 736-37. The AEDPA does not require the federal habeas court to adopt any one methodology. Lockyer v. Andrade, 538 U.S. 63, 71 (2003).

4

INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

I. Petitioner's Allegations and Evidence

Petitioner alleges that trial counsel performed unreasonably by failing to develop and present evidence that (1) petitioner's mental state at the time of the shooting was impaired by chronic pain and the effects of prescription pain-killers, such that he did not subjectively appreciate the risk posed by his conduct, and (2) the gun was capable of firing without the safety having been intentionally released. Regarding the mental state issue, petitioner alleges that counsel failed to (a) investigate and present medical evidence of petitioner's severe back injury, the debilitating side effects of the course of treatment prescribed for him, and the consequent mental impairments that he suffered on the day of the shooting; (b) analyze the blood sample taken from petitioner following the offense, and develop and present evidence of the prescription drugs in his system at the time of the shooting; (c) interview and present the testimony of petitioner's friends who had observed petitioner's physical and mental deterioration immediately preceding the shooting; and (d) elicit important corroborating evidence from petitioner's wife Yvonne. ECF No. 1 at 5. The declaration of Yvonne Dixon, Exh. B to State Habeas Petition (Lodged Doc. 9),[1] specifies that she obtained petitioner's medical records from his treating physician, Dr. Yokoyama, and provided them to counsel. She also told counsel about the extent of petitioner's back problem and how it affected him, and provided the names of friends who could describe and confirm petitioner's impaired functioning. Counsel was nonresponsive and failed to develop the available evidence.

To demonstrate prejudice, petitioner proffers exculpatory evidence including expert opinions that could have been, but was not, presented to his jury. This evidence has previously been described in some detail. See ECF No. 35 (findings and Recommendations) at 11- 15. That summary is incorporated by reference here.

II. The Clearly Established Federal Law

To establish a constitutional violation based on ineffective assistance of counsel, a

---

[1] All subsequently cited exhibits were submitted to the California Supreme Court in Case No. S163142, and are found at Lodged Doc. 9.

1    petitioner must show (1) that counsel's representation fell below an objective standard of
2    reasonableness, and (2) that counsel's deficient performance prejudiced the defense. <u>Strickland v.</u>
3    <u>Washington</u>, 466 U.S. 668, 692, 694 (1984).

4      The proper measure of attorney performance is objective reasonableness under prevailing
5    professional norms. <u>Id.</u> at 688.  Counsel's strategic choices are generally accorded deference, but
6    only if those decisions are themselves reasonable and are based on reasonable investigations,
7    research, and judgments. <u>Id.</u> at 690-91; <u>see also</u> <u>Jones v. Wood</u>, 114 F.3d 1002, 1010 (9th Cir.
8    1997) (strategic choices are not immune from challenge under <u>Strickland</u>, they must be
9    reasonable).  "[C]ourts may not indulge 'post hoc rationalization' for counsel's decisionmaking
10   that contradicts the available evidence of counsel's actions." <u>Harrington v. Richter</u>, 131 S.Ct. at
11   790 (quoting <u>Wiggins v. Smith</u>, 539 U.S. 510, 526-27 (2003)).

12     Prejudice means that the error actually had an adverse effect on the defense and that there
13   is a reasonable probability that, but for counsel's errors, the result of the proceeding would have
14   been different. <u>Strickland</u>, 466 U.S. at 693-94.  A "reasonable probability" is less than a
15   preponderance. <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995); <u>Strickland</u>, 466 U.S. at 693
16   (petitioner need not "show that counsel's deficient conduct more likely than not altered the
17   outcome in the case").  A reasonable probability is a probability sufficient to undermine
18   confidence in the outcome. <u>Id.</u>

19     In assessing prejudice from deficient performance, the court must consider all of trial
20   counsel's unprofessional errors against "the totality of the evidence" adduced at trial and in post
21   conviction proceedings. <u>Strickland</u>, 466 U.S. at 695; <u>Wiggins</u>, 539 U.S. at 536; <u>Williams v.</u>
22   <u>Taylor</u>, 529 U.S. 362, 397 (2000).  Determination of prejudice thus requires a cumulative
23   assessment of counsel's errors. <u>See</u> <u>Strickland</u>, 466 U.S. at 696; <u>Silva v. Woodford</u>, 279 F.3d
24   825, 834 (9th Cir. 2002) (recognizing that cumulative prejudice analysis applies to ineffective
25   assistance of counsel claim).

26    III. <u>The State Court's Ruling</u>

27     The California Supreme Court denied petitioner's ineffective assistance claim summarily,
28   without comment or citation.  Lodged Doc. 10.  Accordingly, this court "looks through" the silent

1 denial to the last reasoned state court decision rejecting the same claim, if any. See Ylst v.
2 Nunnemaker, 501 U.S. 797, 803 (1991). The intermediate state court of appeal also denied the
3 claim without a reasoned decision. Lodged Doc. 8. The superior court had earlier rejected a
4 similar but distinct ineffective assistance of counsel claim, which was not supported by the mental
5 health evidence exhausted in the state supreme court and presented here. See Lodged Docs. 5
6 (petition), 6 (superior court ruling). As this court has previously found, ECF No. 35 at 25 n.17,[2]
7 the "look through" presumption does not apply because the claim rejected by the superior court
8 was not the same claim rejected by the California Supreme Court and presented here.

9       The medical evidence significantly expanded and strengthened petitioner's ineffective
10 assistance of counsel claim. The claim presented to the superior court, if pursued to the state's
11 highest court in the same form, therefore would not have sufficed to exhaust the claim presented
12 here, which is predicated in substantial part on the medical evidence. See Vasquez v. Hillery, 474
13 U.S. 254, 260 (1986) (claim not fairly presented to state court, as required by exhaustion doctrine,
14 if additional facts alleged in federal court fundamentally alter the nature of the claim). Because
15 the medical evidence put the claim in a significantly different and stronger evidentiary posture,
16 petitioner needed to present that evidence to the state's highest court in order to exhaust. See
17 Aiken v. Spaudling, 841 F.2d 881 (9th Cir. 1988). He did so.

18       It is the exhausted claim that must be reviewed under § 2254(d), in light of the evidentiary
19 record as it existed at the time of exhaustion. See Cullen v. Pinholster, 131 S. Ct. at 1399. When
20 the allegations and evidence presented to a state's highest court have previously been reviewed by
21 a lower court, it makes eminent sense to interpret a silent denial as endorsement of the lower
22 court's ruling. See Avila v. Galaza, 297 F.3d 911, 917-18 & n. 6 (9th Cir. 2002). When the
23 lower court was not reviewing the same allegations and evidence, however, the logic of the "look
24 through" presumption does not apply. Because AEDPA review applies to "a single state court
25 decision, not to some amalgamation of multiple state court decisions," Barker v. Fleming, 423
26 F.3d 1085, 1093 (9th Cir. 2005), cert. denied, 547 U.S. 1138 (2006), this court must focus

---

[2] Findings and Recommendations adopted by Order at ECF No. 42.

1 exclusively on what the California Supreme Court did in light of what it knew. Cullen v.
2 Pinholster, supra.

3 Accordingly, AEDPA review proceeds on the basis of the California Supreme Court's
4 "postcard denial." See Harrington v. Richter, 131 S. Ct. at 786. Under California law, a
5 summary merits denial means that the California Supreme Court assumed the truth of all factual
6 allegations asserted in support of the claim, and nonetheless concluded that those facts did not
7 state a claim entitling the petitioner to relief. People v. Duvall, 9 Cal. 4th 464, 474 (1995); People
8 v. Romero, 8 Cal. 4th 728, 737 (1994). In other words, summary denial on the merits indicates a
9 determination that the petitioner has failed to state a prima facie case. Duvall, 9 Cal. 4th at 475;
10 Cullen v. Pinholster, 131 S. Ct. at 1402 n.12 (citing In re Clark, 5 Cal. 4th 750, 770 (1993)).
11 When a state court denies a claim for failing to state a prima facie case, the absence of a prima
12 facie case is the determination that must be reviewed for reasonableness under § 2254(d). Nunes
13 v. Mueller, 350 F.3d 1045, 1054-55 (9th Cir. 2003), cert. denied, 543 U.S. 1038 (2004).

14     IV.    Objective Reasonableness Under § 2254(d)

15 Petitioner's allegations and evidence clearly state a prima facie case of ineffective
16 assistance of counsel under Strickland, and it was objectively unreasonable of the state court to
17 find otherwise.

18 Petitioner alleged that counsel was on notice of evidence that could support his accident
19 defense and negate any inference of implied malice, but failed to investigate and develop that
20 evidence. Petitioner presented post-conviction evidence that his wife had given counsel the
21 names of percipient witnesses with information about petitioner's functioning, but that these
22 witnesses were not contacted. Petitioner presented evidence that his wife had given trial counsel
23 a copy of petitioner's medical file, but that counsel never contacted petitioner's treating physician
24 to follow up. The trial record establishes that counsel argued in general terms that petitioner was
25 impaired, but offered no medical records or medical testimony to support that claim or explain
26 how petitioner's pain and medications affected his cognitive functioning. Counsel's failure to
27 present exculpatory toxicology evidence, medical expert testimony and an alternative firearms
28 expert are indisputable from the trial record, and the petition alleges a complete failure to

investigate these matters.  See Lodged Doc. 8 (State Habeas Petition) at 23 (counsel did not contact treating physician), 24 (counsel did not retain forensic psychiatrist), 26 (counsel did not have blood sample analyzed), 28 (counsel did not contact witnesses), 32 (counsel did not consult independent firearms expert).

      Assuming the truth of these allegations, such failure to investigate constitutes deficient performance.  Counsel's presumably strategic decision not to pursue a certain line of defense or present certain evidence is entitled to deference as reasonable only to the extent that it is supported by reasonable investigation.  See Strickland, 668 U.S. at 690-91; Jones v. Wood, 114 F.3d at 1010.  Petitioner's subjective appreciation of the dangerousness of his conduct was the issue on which this case turned.  Contrary to respondent's answering argument, evidence of impaired metal state would not have been inconsistent with the accident theory pursued at trial.  Evidence that petitioner was both physically and cognitively impaired by pain, sleep deprivation and medication would have made it both more likely that he stumbled and caused an accidental discharge and less likely that he was subjectively aware his handling of the gun was life-threatening.  The capacity of the gun to fire without a deliberate release of the safety was also relevant both to accident and to subjective appreciation of risk.  Accordingly, petitioner's allegations of a complete failure to investigate the existence and strength of exculpatory evidence readily establish a prima facie case of deficient performance.  See Evans v. Lewis, 855 F.2d 631 (9th Cir. 1988) (finding deficient performance where counsel failed to review available documents); Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (finding deficient performance where counsel failed to investigate mental state issues).

      Petitioner supported his prejudice allegations with a substantial body of evidence: the declarations of his treating physician, a retained mental health expert, percipient witnesses and a forensic firearms expert.  That evidence not only establishes a reasonable likelihood of a different result as required for relief under Strickland, it has been found to meet the significantly higher standard applicable to the actual innocence exception to the statute of limitations.  As this court previously held, no rational juror could find implied malice in light of all the evidence presented in relation to the habeas petition.  ECF Nos. 35, 42.  That ruling is the law of the case.  See

Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993).  Given the strength of petitioner's exculpatory evidence, it cannot have been objectively reasonable for the state court to conclude petitioner had not even stated a prima facie case.

For these reasons, the undersigned concludes that § 2254(d) does not bar petitioner's claim.[3]

V.   The Need For An Evidentiary Hearing

Having established that AEDPA's limitations on relief do not apply, petitioner must affirmatively establish the constitutional invalidity of his custody under pre-AEDPA standards. Panetti v. Quarterman, 551 U.S. 930, 953 (2007).

Under pre-AEDPA standards, an evidentiary hearing is required if (1) the petitioner's allegations, if proved, would entitle him to relief, and (2) the state court did not conduct a hearing and make the necessary factual findings.  Hendricks v. Vasquez, 974 F.2d 1009, 1103 (9th Cir. 1992).  The undersigned has already concluded that petitioner's allegations, if proved, would entitle him to relief.  The state court summarily denied the claim without conducting a hearing or making findings of fact.  Accordingly, this court must make any findings of fact that are necessary to merits adjudication of petitioner's claim.

The matter will therefore be set for a status conference to discuss the scheduling of an evidentiary hearing.  The parties shall be prepared to discuss whether live witness testimony is necessary or whether evidence admissible under 28 U.S.C. §§ 2246 & 2247 will be sufficient.

Accordingly, IT IS HEREBY ORDERED that a status conference is SET for February 4, 2015, at 10:00 a.m. in Courtroom No. 26.

DATED: December 24, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] This legal conclusion will be submitted to the U.S. District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(1)(B), following the evidentiary proceedings here ordered, together with findings of fact and a recommendation regarding disposition of the petition.